O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARRY MONTGOMERY,                    )    NO. CV 11-08631-MAN
                                     )
              Plaintiff,             )
                                     )    MEMORANDUM OPINION AND ORDER
         v.                          )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
              Defendant.             )
_____)

     Plaintiff filed a Complaint on October 24, 2011, seeking review of the denial of his application for a period of disability, disability insurance benefits, and supplemental security income and an order reversing the Commissioner's decision or, alternatively, remanding this matter for a new hearing or new proceedings.  On October 26, 2011, this Court issued its Case Management Order, setting forth, *inter alia*, a schedule for the preparation and filing of pleadings, including a Joint Stipulation.  On December 19, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  The Commissioner filed his Answer on May 2, 2012, in which he requested that his decision be affirmed.

On June 11, 2012, plaintiff's then-counsel, Denise Bourgeois Haley, filed a Motion To Withdraw as Attorney of Record ("Motion").  By the Motion, Ms. Haley sought leave to withdraw pursuant to Local Rules 83-2.9.2.1.  In support of the Motion, Ms. Haley asserted, *inter alia*, that she "has diligently researched the issues and formed the opinion that [s]he cannot pursue this matter on behalf of [plaintiff].  It is [plaintiff's] counsel's further opinion that pursuit of this action could subject plaintiff and counsel to sanctions under Rule 11." (Motion at 4.)

In a June 14, 2012 Minute Order (the "June 14 Order"), this Court granted the Motion and directed plaintiff either to file a notice of dismissal on or before June 28, 2012, or to file a motion for summary judgment on or before July 31, 2012.  On July 17, 2012, the copy of the June 14 Order mailed to plaintiff was returned to the Clerk's Office by the U.S. Postal Service, with the following explanation for the nondelivery of the document:  "RETURN TO SENDER[;] ATTEMPTED - NOT KNOWN[;] UNABLE TO FORWARD."  (*See* Docket No. 16 at 1, copy of returned envelope.)

In an August 3, 2012 Minute Order (the "August 3 Order"), the Court -- after receiving the returned copy of the June 14 Order and finding that plaintiff had neither filed a change of address, in accordance with Local Rule 41-6, nor complied with the deadlines set forth in the June 14 Order -- ordered plaintiff to file and serve, by not later than August 17, 2012, a notice of change of address along with either a notice of dismissal or a motion for summary judgment.  Plaintiff was

2

**"expressly cautioned"** that, should he fail to comply with the August 3 Order, " **the Could will presume that plaintiff no longer wishes to pursue this action and may dismiss this case, without prejudice, for failure to prosecute.**"   (August 3 Order at pp. 1-2; emphasis in original.)

On August 10, 2012, the copy of the August 3 Order mailed to plaintiff was returned to the Clerk's Office by the U.S. Postal Service, with the following explanation for the nondelivery of the document: "Return to Sender" and "ATTEMPTED - NOT KNOWN." (*See* Docket No. 18 at 1, copy of returned envelope.)   Further, plaintiff has not filed a notice of change of address, a notice of dismissal, a motion for summary judgment, or otherwise communicated with the Court in response to either the June 14 Order or August 3 Order.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).   In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002); <u>Ferdik v.</u>

3

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

2

3      With respect to the first and second factors, plaintiff's delay

4  necessarily implicates both the public interest in the expeditious

5  resolution of litigation and the Court's need to efficiently manage its

6  docket. *See* Pagtalunan, 291 F.3d at 642; *see also* Yourish v. California

7  Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failures

8  to comply with the June 14 Order and August 3 Order, and his failure to

9  provide the Court with a valid address, have caused this action to come

10 to a halt, thereby impermissibly allowing plaintiff, rather than the

11 Court, to control the pace of the proceedings in this case. *Id.* In

12 addition, plaintiff's conduct indicates that he does not intend to

13 litigate this matter diligently. Significantly, the Court, in contrast

14 to plaintiff, has spent valuable time to move this case along -- time

15 which it could have devoted to other cases on its docket. *See* Clayton

16 v. Astrue, 2011 U.S. Dist. LEXIS 150710, at *3 (S.D. Cal. November 18,

17 2011)(citing the court's expenditure of time as a factor weighing in

18 favor of dismissal under 41(b)). Allowing plaintiff to continue to halt

19 the process would frustrate not only the public's interest in the

20 expeditious resolution of litigation but also the Court's need to manage

21 its own docket. *See* Ferdik, 963 F.2d at 1262 (noting that "[i]t is

22 incumbent upon us to preserve the district courts' power to manage their

23 dockets without being subject to the endless vexatious noncompliance of

24 litigants"). Accordingly, the first two factors strongly weigh in favor

25 of dismissal.

26

27     The third factor -- the risk of prejudice to defendants -- also

28
                                      4

weighs in favor of dismissal.   When, as in this case, a plaintiff unreasonably delays prosecution of an action, a rebuttable presumption of prejudice to defendant arises.   *See* <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).   Although that presumption may be rebutted when a plaintiff proffers a reasonable excuse for the delay, plaintiff has failed to provide any explanation, let alone a reasonable excuse, for failing to comply with the June 14 and August 3 Orders.   Thus, the third factor does not support allowing this stalled case to continue.

In addition, the fourth factor -- the availability of less drastic sanctions -- strongly favors dismissal.   The Ninth Circuit has set forth the following three-part analysis to determine whether a district court properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate:  (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would not be appropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal.   <u>Adriana Int'l Corp. v. Thoeron</u>, 913 F.2d 1406, 1412 (9th Cir. 1990).   The Court has attempted to avoid dismissal by specifically warning plaintiff that failure to comply with its August 3 Order may result in dismissal, without prejudice, for failure to prosecute.   Further, in recognition of plaintiff's *pro se* status, the Court has waited several days past the deadline set forth in the August 3 Order before dismissing this case.   Despite the Court's attempts to explore meaningful alternatives to dismissal, however, plaintiff has failed to participate in his litigation, and thus, lesser sanctions do not appear to be appropriate.   *See* <u>Henderson v. Duncan</u>, 779

F.2d 1421, 1424 (9th Cir. 1986)(noting that the "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives"). Nevertheless, the Court has determined that the instant action should be dismissed *without* prejudice -- a sanction which is less drastic than dismissal with prejudice.

The fifth factor, the general policy favoring resolution of cases on the merits, weighs against dismissal. However, plaintiff has a responsibility to move a case towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See* Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been given ample time to do so. Under these circumstances, and given the Court's present inability to communicate with plaintiff, the public policy favoring resolution of cases on the merits does not outweigh plaintiff's failure to comply with this Court's orders and to prosecute this action diligently.

A balancing of these factors leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b) and Local Rule 41-1, is warranted. *See* Ferdik, 963 F.2d at 1263 (dismissal is appropriate where strongly supported by three factors).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the above-captioned case is dismissed without prejudice for lack of

1  prosecution.[1]

2

3      IT IS FURTHER ORDERED that the Clerk of the Court shall serve

4  copies of this Memorandum Opinion and Order and the Judgment on

5  plaintiff and counsel for defendant.

6

7      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

8

9  DATED:  August 22, 2012

10

11                                          _Margaret A. Nagle_
                                          _____
12                                          MARGARET A. NAGLE
                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25
                    _____
26          [1]     Dismissal is not only under Rule 41(b), but also pursuant to
    Local Rule 41-6, given that more than 15 days have passed since the
27  return of the June 14 Order as undeliverable and plaintiff's failure to
    provide notice of his correct address.
28
                                      7